UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NORMA ALICIA BARRIOS DE ORTIZ, § § § Plaintiff, § § v. § Case No. 5:22-cv-944 § TRANSAMERICA PREMIER LIFE § INSURANCE COMPANY, § § Defendant. § | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Transamerica Life Insurance Company ("Transamerica"), incorrectly named as Transamerica Premier Life Insurance Company, hereby removes this action from the 288th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

## STATE COURT ACTION

1.       On July 27, 2022, Plaintiff Norma Alicia Barrios De Ortiz ("Plaintiff") filed this action (Cause No. 2022CI08736) in the 288th Judicial District Court of Bexar County, Texas, against Transamerica relating to a life insurance policy providing coverage in the amount of $10,000.

2.       Plaintiff's original petition asserts a claim for breach of the insurance policy and seeks "specific performance of the contract"—i.e., payment of the policy benefits of $10,000. The original petition also asserts "bad faith" claims for unfair settlement practices under Chapter 541 of the Texas Insurance Code and a claim for breach of a common law duty of good faith and fair dealing. In addition to the policy benefits, Plaintiff seeks "interest" of 18% (which

1

presumably refers to the 18% penalty under the Texas Prompt Payment Act), treble damages, reasonable and necessary attorneys' fees, taxable costs of court, and any other relief the Court deems proper.

3. Plaintiff served Transamerica with process on or about August 8, 2022. On August 29, 2022, Transamerica filed an answer in the state court action denying all of the claims and material facts alleged in Plaintiff's original petition.

## GROUNDS FOR REMOVAL

4. Transamerica may remove this action to this Court under 28 U.S.C. §§ 1332 and 1441 because it is a civil action (a) between citizens of different states, where none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action was brought (Texas); and (b) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

5. There is complete diversity of citizenship between Plaintiff and Transamerica, and Transamerica is not a citizen of Texas.

6. A natural person is considered to be a citizen of the state where that person is domiciled—that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). A corporation is considered to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

7. Plaintiff, a natural person, alleges she resides in Bexar County, Texas. She is therefore a citizen of Texas.

8. Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, and is therefore a citizen of Iowa.

## Amount in Controversy

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10. In assessing the amount in controversy, this Court should consider the claims made in the state court petition and make "common sense" inferences about the amount put at stake by those claims. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

11. In her original petition, Plaintiff seeks to recover the policy benefits ($10,000) plus an 18% annual penalty under the Texas Prompt Payment Act (approximately $2,700 to date and growing), treble damages ($30,000), and reasonable and necessary attorneys' fees, which will be no less than $52,500 through trial based on a reasonable number of hours of legal work for this type of case (150 hours) multiplied by a reasonable hourly rate ($350 per hour).

12. Common sense therefore dictates the total recovery sought is more than $75,000 in controversy.

## VENUE

13. In accordance with 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in this Court because this Court is part of the district and division embracing the place where this action is currently pending, namely, Bexar County, Texas.

## TIMELINESS OF REMOVAL

14. In accordance with 28 U.S.C. § 1446(b), removal of this action is timely because Transamerica filed this notice of removal within 30 days after it was served with a copy of Plaintiff's initial pleading.

## NOTICE

15. In accordance with 28 U.S.C. § 1446(d), Transamerica promptly will give written notice of the filing of this notice of removal to Plaintiff and will file a copy of the notice with the clerk of the 288th Judicial District Court of Bexar County, Texas.

## EXHIBITS

16. For the sake of convenience and in accordance with the local rules, Transamerica is filing the following documents with this notice of removal: (a) a completed civil cover sheet; (b) a completed supplemental civil cover sheet; (c) a copy of the docket sheet in the state court action; (d) Plaintiff's original petition filed in the state court action; (e) Transamerica's original answer filed in the state court action; (f) all other documents on file in the state court action; and (g) a separately signed Rule 7.1 disclosure.

## RELIEF REQUESTED

For the reasons stated above, Transamerica hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: August 31, 2022.

Respectfully submitted,

  */s/ Jason R. Bernhardt*
Jason R. Bernhardt
State Bar No. 24045488
jbernhardt@winstead.com

**WINSTEAD PC**
600 Travis, Suite 5200
Houston, Texas 77002
(713) 650-8400 phone
(713) 650-2400 fax

**ATTORNEY FOR DEFENDANT**
**TRANSAMERICA LIFE INSURANCE**
**COMPANY**

5

## CERTIFICATE OF SERVICE

I certify that on August 31, 2022, I served a true and correct copy of this document upon the following counsel of record via CM/ECF or email:

Marie A. Galindo
MANUEL DIAZ LAW FIRM, PC
5002 West Avenue
San Antonio, Texas 78213

                                            */s/ Jason R. Bernhardt*
                                            Jason R. Bernhardt